# In the United States Court of Appeals
# for the Tenth Circuit

---

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, ET AL.,
PLAINTIFFS-APPELLEES

*v.*

SUNCOR ENERGY (U.S.A.) INC., ET AL.,
DEFENDANTS-APPELLANTS

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLORADO (CIV. NO. 18-1672)*
*(THE HONORABLE WILLIAM J. MARTINEZ, J.)*

---

## MOTION OF APPELLANTS
## FOR AN EMERGENCY STAY OF THE REMAND ORDER PENDING APPEAL

---

THEODORE V. WELLS, JR.
DANIEL J. TOAL
JAREN JANGHORBANI
NORA AHMED
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*
  *New York, NY 10019*


COLIN G. HARRIS
FAEGRE BAKER DANIELS LLP
  *1470 Walnut Street, Suite 300*
  *Boulder, CO 80302*

KANNON K. SHANMUGAM
WILLIAM T. MARKS
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*

HUGH QUAN GOTTSCHALK
EVAN B. STEPHENSON
WHEELER TRIGG O'DONNELL LLP
  *370 Seventeenth Street, Suite 4500*
  *Denver, CO 80202*

## CORPORATE DISCLOSURE STATEMENT

Appellant Exxon Mobil Corporation has no parent corporation, and no publicly held company owns 10% or more of its stock.

Appellant Suncor Energy Sales Inc. is wholly owned by appellant Suncor Energy (U.S.A.) Inc., which is wholly owned by Suncor Energy (U.S.A.) Holdings Inc., which is wholly owned by appellant Suncor Energy Inc. Suncor Energy Inc. has no parent corporation, and no publicly held company owns 10% or more of its stock.

# TABLE OF CONTENTS

Page

Introduction......................................................................................1

Statement..........................................................................................2

Argument..........................................................................................3

    A.    Defendants are sufficiently likely to prevail on appeal to warrant a stay of the remand order....................................3

        1.    This Court has jurisdiction to review the district court's entire remand order......................................4

        2.    The merits of defendants' removal arguments satisfy the first stay factor......................................10

    B.    Defendants will suffer irreparable harm absent a stay................14

    C.    The balance of harms favors defendants.......................................17

Conclusion.......................................................................................19

# TABLE OF AUTHORITIES

## CASES

*Alabama* v. *Conley*, 245 F.3d 1292 (11th Cir. 2001)............................6

*Allen* v. *United Services Automobile Ass'n*, 907 F.3d 1230 (10th Cir. 2018)................................................................................8

*Anderson* v. *Wilco Life Insurance Co.*, Civ. No. 19-8, 2019 WL 3225837 (S.D. Ga. July 17, 2019)....................................16

*Appalachian Volunteers, Inc.* v. *Clark*, 432 F.2d 530 (6th Cir. 1970) ..............7

*Barlow* v. *Colgate Palmolive Co.*, 772 F.3d 1001 (4th Cir. 2014)......................13

*Bryan* v. *BellSouth Communications, Inc.*, 492 F.3d 231 (4th Cir. 2007)................................................................14, 16

*California* v. *BP p.l.c.*, Civ. No. 17-6011, 2018 WL 1064293 (N.D. Cal. Feb. 27, 2018)....................................................10

*Cannon* v. *University of Chicago*, 441 U.S. 677 (1979) ......................................6

Cases—continued:

*Canterbury Liquors & Pantry* v. *Sullivan*, 999 F. Supp. 144
(D. Mass. 1998)............................................................................12

*Chandler* v. *O'Bryan*, 445 F.2d 1045 (10th Cir. 1971) .......................................14

*In re Cintas Corp. Overtime Pay Arbitration Litigation*,
Civ. No. 06-1781, 2007 WL 1302496 (N.D. Cal. May 2, 2007) ........................9

*Citibank, N.A.* v. *Jackson*, Civ. No. 16-712, 2017 WL 4511348
(W.D.N.C. Oct. 10, 2017)........................................................................15, 16

*City of New York* v. *BP p.l.c.*, 325 F. Supp. 3d 466 (S.D.N.Y. 2018)...............10

*City of Oakland* v. *BP p.l.c.*, 325 F. Supp. 3d 1017 (N.D. Cal. 2018) ...............10

*Coffey* v. *Freeport McMoran Copper & Gold*, 581 F.3d 1240
(10th Cir. 2009)........................................................................7, 8, 9

*Community Television of Utah, LLC* v. *Aereo, Inc.*,
997 F. Supp. 2d 1191 (D. Utah 2014) ................................................9

*Consolidation Coal Co.* v. *Director, Office of Workers'
Compensation Programs*, 864 F.3d 1142 (10th Cir. 2017)............................6

*County of San Mateo* v. *Chevron Corp.*, 294 F. Supp. 3d 934
(N.D. Cal. 2018)........................................................................11

*Davis* v. *Glanton*, 107 F.3d 1044 (3d Cir. 1997)........................................6

*Decatur Hospital Authority* v. *Aetna Health, Inc.*, 854 F.3d 292
(5th Cir. 2017)........................................................................6, 16

*Diné Citizens Against Ruining Our Environment* v. *Jewell*,
839 F.3d 1276 (10th Cir. 2016).........................................................13

*Ewing Industries Co.* v. *Bob Wines Nursery, Inc.*, Civ. No. 13-931,
2015 WL 12979096 (M.D. Fla. Feb. 5, 2015)........................................16

*FDIC* v. *Santiago Plaza*, 598 F.2d 634 (1st Cir. 1979) .......................................14

*FTC* v. *Mainstream Marketing Services, Inc.*, 345 F.3d 850
(10th Cir. 2003)........................................................................3, 13

*Grable & Sons Metal Products, Inc.* v. *Darue Engineering &
Manufacturing*, 545 U.S. 308 (2005) ................................................12

Cases—continued:

*Hobby Lobby Stores, Inc.* v. *Sebelius*, 723 F.3d 1114
    (10th Cir. 2013) (en banc), *aff'd*, 134 S. Ct. 2751 (2014) ..................15

*Jacks* v. *Meridian Resource Co.*, 701 F.3d 1224 (8th Cir. 2012) .......................6

*Kircher* v. *Putnam Funds Trust*, 547 U.S. 633 (2006) .......................................5

*Laborers & Hod Carriers Pension Fund* v. *Renal Care Group, Inc.*,
    Civ. No. 05-451, 2005 WL 1237598 (M.D. Tenn. Sept. 12, 2005) .................16

*Lafalier* v. *Cinnabar Service Co.*, Civ. No. 10-5, 2010 WL 1816377
    (N.D. Okla. Apr. 30, 2010) .................................................................15

*Lalonde* v. *Delta Field Erection*, Civ. No. 96-3244, 1998 WL 34301466
    (M.D. La. Aug. 6, 1998) ......................................................................12

*Lexington Insurance Co.* v. *Precision Drilling Co.*, 830 F.3d 1219
    (10th Cir. 2016) ..................................................................................8

*Lu Junhong* v. *Boeing Co.*, 792 F.3d 805 (7th Cir. 2015) .......................5, 6, 7, 8

*Mayor & City Council of Baltimore* v. *BP p.l.c.*,
    388 F. Supp. 3d 538 (D. Md. 2019) ....................................................10

*Mays* v. *City of Flint*, 871 F.3d 437 (6th Cir. 2017) ...........................................6

*In re Meyerland Co.* (5th Cir.):
    910 F.2d 1257 (1990) ........................................................................14
    960 F.2d 512 (1992) (en banc) ..........................................................14

*Nken* v. *Holder*, 556 U.S. 418 (2009) .............................................................3, 17

*Noel* v. *McCain*, 538 F.2d 633 (4th Cir. 1976) ..................................................6

*Northrop Grumman Technical Services, Inc.* v. *DynCorp*
    *International LLC*, Civ. No. 16-534, 2016 WL 3346349
    (E.D. Va. June 16, 2016) ................................................................16, 17

*Parson* v. *Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014) ...........................7

*Patel* v. *Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006) .......................................6

*Providence Journal Co.* v. *FBI*, 595 F.2d 889 (1st Cir. 1979) ...........................14

*Raskas* v. *Johnson & Johnson*, Civ. No. 12-2174,
    2013 WL 1818133 (E.D. Mo. Apr. 29, 2013) ...................................17, 18

Cases—continued:

*Reed* v. *Fina Oil & Chemical Co.*, 995 F. Supp. 705
(E.D. Tex. 1998) ...................................................................11

*Renegotiation Board* v. *Bannercraft Clothing Co.*, 415 U.S. 1 (1974) ............15

*Rhode Island* v. *Chevron Corp.*, Civ. No. 18-395, 2019 WL 3282007
(D.R.I. July 22, 2019)...................................................10, 11

*Sanchez* v. *Onuska*, No. 93-2155, 1993 WL 307897
(10th Cir. Aug. 13, 1993).....................................................8

*Singer Management Consultants, Inc.* v. *Milgram*, 650 F.3d 223
(3d Cir. 2011) (en banc) ....................................................13

*State Farm Mutual Automobile Insurance Co.* v. *Baash*,
644 F.2d 94 (2d Cir. 1981) .................................................6

*United States* v. *2366 San Pablo Avenue*, Civ. No. 13-2027,
2015 WL 525711 (N.D. Cal. Feb. 6, 2015) .........................18

*United States* v. *Hansen*, 929 F.3d 1238 (10th Cir. 2019) .................8

*Vision Bank* v. *Bama Bayou, LLC*, Civ. No. 11-568,
2012 WL 1592985 (S.D. Ala. May 7, 2012) ........................16

*Washington Metropolitan Area Transit Commission* v. *Holiday
Tours, Inc.*, 559 F.2d 841 (D.C. Cir. 1977) .........................13

*Weingarten Realty Investors* v. *Miller*, 661 F.3d 904
(5th Cir. 2011)..................................................................17

*Westefer* v. *Snyder*, Civ. No. 00-162, 2010 WL 4000599
(S.D. Ill. Oct. 12, 2010).......................................................13

*Wilcox* v. *Lloyds TSB Bank, PLC*, Civ. No. 13-508,
2016 WL 917893 (D. Haw. Mar. 7, 2016)............................16

*Yamaha Motor Corp., U.S.A.* v. *Calhoun*, 516 U.S. 199 (1996)...............*passim*

## STATUTES

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4....................7

Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545 ......6, 7, 8

28 U.S.C. § 1292(b)................................................................5

Page

Statutes—continued:

28 U.S.C. § 1442 ..............................................................4

28 U.S.C. § 1443 ..............................................................8

28 U.S.C. § 1447(d)......................................................*passim*

28 U.S.C. § 1453(c)(1) ......................................................7

28 U.S.C. § 2283 ........................................................14, 15

## MISCELLANEOUS

Charles A. Wright et al., *Federal Practice & Procedure* (2d ed.
  West 2019) ...............................................................6

## INTRODUCTION

As the district court recognized in its order remanding this climate-change tort case to state court, "United States District Court cases throughout the country are divided on whether federal courts have jurisdiction over state-law claims related to climate change." D. Ct. Dkt. No. 69, at 3. In particular, district courts have disagreed about whether climate-change tort claims necessarily arise under federal common law, permitting removal to federal court. After the filing of the notice of appeal in this case, cases presenting the question whether federal common law governs climate-change tort claims are now pending in four federal courts of appeals.

The conflict of authority on that complex legal question and the state of climate-change litigation nationwide amply justify the entry of a stay of the district court's remand order pending appeal. Defendants have a statutory right to appeal the order, and this Court has jurisdiction to address all of the grounds for removal that the remand order encompasses. A stay pending appeal will thus protect defendants' appellate rights while providing this Court with an opportunity to weigh in on issues that other federal courts of appeals are considering. The lack of a stay, by contrast, will irreparably harm defendants. At best, defendants would be subject to duplicative proceedings in federal and state court; at worst, defendants could effectively lose their right to appeal. And given the nature of plaintiffs' claims and the public interests involved, the balance of harms tilts decidedly in defendants' favor. A stay of the remand order pending appeal is therefore warranted.

## STATEMENT

1.      Plaintiffs in this action are three local governments in Colorado: the Board of County Commissioners of Boulder County, the Board of County Commissioners of San Miguel County, and the City of Boulder.  Defendants are four energy companies:  Suncor Energy (U.S.A.) Inc., Suncor Energy Sales Inc., Suncor Energy Inc., and Exxon Mobil Corporation.  In April 2018, plaintiffs filed the underlying complaint against defendants in Colorado state court, alleging that defendants have contributed to global climate change, which in turn has caused harm in Colorado.  *See* D. Ct. Dkt. No. 6.  The complaint pleads a variety of claims, which appellees argue arise under state law. *See id.*  Several similar cases filed by state and municipal governments against various energy companies are pending across the country.  *See, e.g.*, *Rhode Island* v. *Shell Oil Products Co.*, No. 19-1818 (1st Cir.); *City of New York* v. *B.P. p.l.c.*, No. 18-2188 (2d Cir.); *Mayor & City Council of Baltimore* v. *BP p.l.c.*, No. 19-1644 (4th Cir.); *County of San Mateo* v. *Chevron Corp.*, No. 18-15499 (9th Cir.) (consolidated with three similar cases); *City of Oakland* v. *B.P. p.l.c.*, No. 18-16663 (9th Cir.).

In June 2018, appellants removed this case to federal court.  Appellants contended that federal jurisdiction over appellees' climate-change claims is present on several grounds, including that claims asserting harm from global climate change necessarily arise under federal common law, and that the alle-

gations in the complaint pertain to actions that defendants took under the direction of federal officers. *See* D. Ct. Dkt. No. 1, at 6-12, 30-33. Appellees moved to remand the case to state court.

In September 2019, the district court granted appellees' motion to remand. *See* D. Ct. Dkt. No. 69, at 55. The court entered a temporary stay of the remand order, however, while the parties briefed whether a longer stay pending appeal was warranted. *See* D. Ct. Dkt. No. 71. Yesterday evening, the district court denied defendants' motion for stay. *See* D. Ct. Dkt. No. 80.

## ARGUMENT

Federal courts have inherent authority to stay the enforcement of an order pending appeal. *See Nken* v. *Holder*, 556 U.S. 418, 421 (2009). Courts assess whether to issue a stay pending appeal by considering four traditional factors: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." *FTC* v. *Mainstream Marketing Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003); *see Nken*, 556 U.S. at 434. Each of those favors supports a stay of the remand order pending review by this Court.

### A. Defendants Are Sufficiently Likely To Prevail On Appeal To Warrant A Stay Of The Remand Order

The first of the traditional stay factors is likelihood of success on the merits. This case easily satisfies that factor. Defendants have a statutory right to appeal the remand order because defendants removed the case under

the federal-officer removal statute. This Court, moreover, has appellate juris-diction to consider all of the grounds for removal that defendants asserted—including removal based on federal common law. Defendants are likely to pre-vail on that issue and others.

### 1. This Court Has Jurisdiction To Review The District Court's Entire Remand Order

As a general matter, 28 U.S.C. § 1447(d) precludes appellate review of an order remanding a case to state court. But Section 1447(d) also contains an express exception: "[A]n order remanding a case to the State court from which it was removed pursuant to 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Defendants removed this case in part under 28 U.S.C. § 1442, the federal-officer removal statute, providing the court of appeals with jurisdiction to review this Court's "order remanding [the] case" to state court. *Id.*

In denying defendants' motion for a stay, the district court concluded that this Court's review would be limited to the federal-officer ground for re-moval. D. Ct. Dkt. No. 80, at 5. Appellees advance a similar argument in their motion for partial dismissal filed in this Court. Both the district court and appellees are incorrect.

a. In an appeal of a remand order in a case removed under the fed-eral-officer removal statute, the court of appeals is not limited to reviewing the federal-officer ground for removal. The text of Section 1447(d) demonstrates why. "To say that a district court's 'order' is reviewable is to allow appellate

review of the *whole* order, not just of particular issues or reasons." *Lu Junhong* v. *Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015). Looking "beyond the text of § 1447(d) to the reasons that led to its enactment" leads to "the same conclusion." *Id.* at 813. Section 1447(d) "was enacted to prevent appellate delay in determining where litigation will occur" when a case is removed to federal court. *Id.*; *see Kircher* v. *Putnam Funds Trust*, 547 U.S. 633, 640 (2006). "But once Congress has authorized appellate review of a remand order . . . a court of appeals has been authorized to take the time necessary to determine the right forum." *Lu Junhong*, 792 F.3d at 813. "The marginal delay from adding an extra issue to a case where the time for briefing, argument, and decision has already been accepted is likely to be small." *Id.*

The Supreme Court's decision in *Yamaha Motor Corp., U.S.A.* v. *Calhoun*, 516 U.S. 199 (1996), provides additional support. In *Yamaha*, the Court faced the question whether, in an interlocutory appeal under 28 U.S.C. § 1292(b), a court of appeals could review only the particular *question* certified by the district court, or could instead address any issue encompassed in the district court's certified *order*. The Court concluded that a court of appeals may address "any issue fairly included within the certified order," and not only the particular question certified. *Id.* at 205. The Court observed that "the text of § 1292(b) indicates" that "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Id.*

5

The same reasoning applies here.  Section 1447(d) authorizes appellate review of remand "order[s]" in cases removed under the federal-officer removal statute.  28 U.S.C. § 1447(d).  The court of appeals can thus address "any issue fairly included within the certified order."  *Yamaha Motor Corp.*, 516 U.S. at 205.  Lest any doubt remain, Congress first authorized appellate review of cases removed under the federal-officer removal statute in the Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545—after the decision in *Yamaha*.  Congress of course is presumed to be aware of judicial interpretations of relevant statutory text.  *See Cannon* v. *University of Chicago*, 441 U.S. 677, 697-698 (1979); *Consolidation Coal Co.* v. *Director, Office of Workers' Compensation Programs*, 864 F.3d 1142, 1148 (10th Cir. 2017).  Thus, as the leading treatise on federal jurisdiction suggests, appellate review of a remand order under Section 1447(d) "should . . . be extended to all possible grounds for removal underlying the order."  15A Charles A. Wright et al., *Federal Practice & Procedure* § 3914.11 (2d ed. West 2019).

To be sure, the question of the scope of appellate review under Section 1447(d) is the subject of a conflict among the federal courts of appeals.[1]  But

[1] *Compare Mays* v. *City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (permitting review of entire order); *Decatur Hospital Authority* v. *Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) (same); *Lu Junhong* v. *Boeing Co.*, 792 F.3d 805, 813 (7th Cir. 2015) (same), *with Jacks* v. *Meridian Resource Co.*, 701 F.3d 1224, 1229 (8th Cir. 2012) (limiting review to specific exception in Section 1447(d)); *Patel* v. *Del Taco, Inc.*, 446 F.3d 996, 1000 (9th Cir. 2006) (same); *Alabama* v. *Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001) (same); *Davis* v. *Glanton*, 107 F.3d 1044, 1052 (3d Cir. 1997) (same); *State Farm Mutual Automobile Insurance Co.* v. *Baash*, 644 F.2d 94, 97 (2d Cir. 1981) (same); *Noel* v.

all of the cases reaching a contrary conclusion predate the Seventh Circuit's comprehensive analysis in *Lu Junhong*, *supra*, and all but one of them predate the Removal Clarification Act.

This Court has never addressed the issue of the scope of appellate review in appeals authorized by Section 1447(d) in a published opinion. But the decision in *Coffey* v. *Freeport McMoran Copper & Gold*, 581 F.3d 1240 (2009), counsels in favor of review of the district court's entire order, not simply the ground that permitted appeal. In *Coffey*, this Court addressed an appeal under the removal provisions of the Class Action Fairness Act (CAFA). CAFA provides that, "notwithstanding [S]ection 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action." 28 U.S.C. § 1453(c)(1). Because that language did not limit the court of appeals to review of the removal grounds under CAFA, the court concluded that it could review the alternative grounds for removal asserted by the defendant and addressed in the district court's order. *Coffey*, 581 F.3d at 1247; *accord Parson* v. *Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014). The same conclusion follows here, where the relevant statutory text also does not limit the scope of appellate review and indeed affirmatively authorizes review of the entire "order" appealed. *See* 28 U.S.C. § 1447(d).

---

*McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (same); *Appalachian Volunteers, Inc.* v. *Clark*, 432 F.2d 530, 534 (6th Cir. 1970) (same).

b.    The district court concluded that appellate review was likely limited to the federal-officer grounds for removal.  The reasons it offered for that determination are unpersuasive.

The district court first relied on this Court's unpublished decision in *Sanchez* v. *Onuska*, No. 93-2155, 1993 WL 307897 (Aug. 13, 1993), which refused to consider other grounds for removal in a case removed under 28 U.S.C. § 1443.  But "it goes without saying" that, because *Sanchez* was unpublished, it is not binding.  *United States* v. *Hansen*, 929 F.3d 1238, 1268 (10th Cir. 2019).  Nor is *Sanchez* persuasive, and this Court routinely declines to follow its unpublished decisions when they fail to persuade.  *See, e.g.*, *Allen* v. *United Services Automobile Ass'n*, 907 F.3d 1230, 1239 n.5 (2018); *Lexington Insurance Co.* v. *Precision Drilling Co.*, 830 F.3d 1219, 1224 (2016) (Gorsuch, J.).  *Sanchez* contravenes the plain text of Section 1447(d), *see Lu Junhong*, 792 F.3d at 811, and is inconsistent with this Court's more recent decision in *Coffey*.  *Sanchez* also predates the Supreme Court's decision in *Yamaha* and Congress's subsequent enactment of the Removal Clarification Act.

The district court rejected the applicability of *Yamaha* and *Coffey*, reasoning that the appellate review at issue in both cases was discretionary in nature.  *See* D. Ct. Dkt. No. 80, at 7.  The problem with that argument is that neither of those decisions relies on the discretionary nature of the appellate review when determining the scope of appellate jurisdiction.  Instead, both cases turn on the meaning of the word "order," with the court in *Coffey* rea-

soning that the definition from *Yamaha* "applie[d] equally" to a different jurisdictional statute. *Coffey*, 581 F.3d at 1247; *see Yamaha*, 516 U.S. at 205. So too here.

In distinguishing *Coffey*, the district court also concluded that the text of Section 1447(d) expressly limits the scope of appellate review, whereas this Court in *Coffey* found that "no language" in the statute at issue there did. *See* D. Ct. Dkt. No. 80, at 6. That is a false distinction. The Court in *Coffey* concluded that, because the statute spoke in terms of *orders*, there was no reason to limit review to particular *issues* within that order. Section 1447(d) operates in the same way. It generally precludes review of remand *orders*; it does not speak in terms of *issues* addressed within an order. Accordingly, when a remand order is reviewable, no language in Section 1447(d) limits the *issues* subject to review.

c.    For the foregoing reasons, this Court is likely to review this Court's entire remand order on appeal. This Court should therefore consider the merits of all of defendants' grounds of removal when assessing likelihood of success on the merits under the first stay factor. And the presence of a conflict of authority on the scope of appellate review under Section 1447(d) itself supports a stay. *See Community Television of Utah, LLC* v. *Aereo, Inc.*, 997 F. Supp. 2d 1191, 1210 (D. Utah 2014); *In re Cintas Corp. Overtime Pay Arbitration Litigation*, Civ. No. 06-1781, 2007 WL 1302496, at *2-*3 (N.D. Cal. May 2, 2007).

### 2. *The Merits of Defendants' Removal Arguments Satisfy The First Stay Factor*

This case raises complex and novel questions regarding federal jurisdiction that have already divided multiple district courts and warrant further review by this Court.

a. As the district court observed in its remand order, "United States District Court cases throughout the country are divided on whether federal courts have jurisdiction over state law claims related to climate change, such as raised in this case." D. Ct. Dkt. No. 69, at 3. In particular, two district courts (in three cases) have ruled that tort claims related to global climate change necessarily arise under federal common law. *See California* v. *BP p.l.c.*, Civ. No. 17-6011, 2018 WL 1064293 (N.D. Cal. Feb. 27, 2018); *City of Oakland* v. *BP p.l.c.*, 325 F. Supp. 3d 1017 (N.D. Cal. 2018); *City of New York* v. *BP p.l.c.*, 325 F. Supp. 3d 466 (S.D.N.Y. 2018). While disagreeing with those rulings, the district court recognized that one of the decisions in particular "has a certain logic." D. Ct. Dkt. No. 69, at 14 (discussing *California*, *supra*). Four district courts have ruled that federal jurisdiction does not exist over climate-change tort claims, but have done so based on differing rationales. The district court in this case and two others have ruled that the well-pleaded complaint rule forbids removal based on defendants' argument that climate-change tort claims necessarily arise under federal common law. *See* D. Ct. Dkt. No. 69, at 16-19; *Mayor & City Council of Baltimore* v. *BP p.l.c.*, 388 F. Supp. 3d 538, 554-558 (D. Md. 2019); *Rhode Island* v. *Chevron Corp.*, Civ. No.

18-395, 2019 WL 3282007, at *2 (D.R.I. July 22, 2019). The fourth court, however, ruled that plaintiffs' claims could not arise under federal common law because the Clean Air Act displaced any federal common law that would otherwise exist. *See County of San Mateo* v. *Chevron Corp.*, 294 F. Supp. 3d 934, 937 (N.D. Cal. 2018). As the district court recognized, there are "no dispositive cases" on the issue from the Supreme Court or this Court. D. Ct. Dkt. No. 69, at 3. The lack of binding authority and the conflicting district-court decisions—each currently on appeal to the First, Second, Fourth, Ninth, and now Tenth Circuits—confirm that defendants' appeal presents serious legal questions worthy of further appellate review.

Defendants' appeal also presents the substantial question whether the federal-officer removal statute provides jurisdiction over this action. As defendants explained at length in their briefing below, *see* D. Ct. Dkt. No. 48, at 32-35, they extracted, produced, and sold fossil fuels at the direction of federal officers. *See* D. Ct. Dkt. No. 69, at 42-48. That more than satisfies the requirements for removal.

The district court concluded that "[d]efendants have not shown that they acted under the direction of a federal officer, or that there is a causal connection between the work performed under the leases and [p]laintiffs' claims." D. Ct. Dkt. No. 69, at 45. That may be true with respect to *some* of defendants' conduct that plaintiffs alleged caused them injury. But not *all* of the relevant activities need take place under the control of federal officers to permit removal under the federal-officer removal statue. *See, e.g., Reed* v. *Fina Oil &*

*Chemical Co.*, 995 F. Supp. 705, 712 (E.D. Tex. 1998); *Lalonde* v. *Delta Field Erection*, Civ. No. 96-3244, 1998 WL 34301466, at *4-*6 (M.D. La. Aug. 6, 1998).

Defendants additionally raise a legitimate dispute as to whether plaintiffs' claims necessarily present a federal issue by, among other things, calling into question the balance struck by the federal government between environmental and energy-related concerns. *See Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing*, 545 U.S. 308, 312-313 (2005); D. Ct. Dkt. No. 48, at 21-27. Resolution of plaintiffs' claims necessarily requires courts to determine whether federal agencies implementing various environmental statutes struck the proper balance between promoting energy production and energy security while ensuring compliance with existing environmental statutes. *See* D. Ct. Dkt. No. 48, at 21-29.

For all of the foregoing reasons, and for the additional reasons asserted at greater length in defendants' opposition to plaintiffs' motion to remand, D. Ct. Dkt. No. 48, at 29-40, have shown a sufficient likelihood of success on the merits. The first stay factor is therefore satisfied.

b. The district court disagreed, but in doing so it imposed an impossible-to-satisfy standard for parties seeking a stay pending appeal. The court reasoned that defendants did not prove a likelihood of success on the merits because they raised the same arguments that the court previously rejected. But "common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal." *Canterbury Liquors & Pantry*

v. *Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998). After all, if the district court had "thought an appeal would be successful," it "would not have ruled as [it] did in the first place." *Westefer* v. *Snyder*, Civ. No. 00-162, 2010 WL 4000599, at *3 (S.D. Ill. Oct. 12, 2010) (citation omitted). "[A] party seeking a stay" thus "need not show that it is more than 50% likely to succeed on appeal; otherwise, no district court would ever grant a stay." *Id.*; *accord Singer Management Consultants, Inc.* v. *Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc); *Washington Metropolitan Area Transit Commission* v. *Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). At most, defendants need only show a "reasonable likelihood of success" on the merits. *Diné Citizens Against Ruining Our Environment* v. *Jewell*, 839 F.3d 1276, 1282 (2016). Defendants more than clear that hurdle.

## B. Defendants Will Suffer Irreparable Harm Absent A Stay

The second stay factor is whether defendants will likely suffer "irreparable harm" in the absence of a stay. *Mainstream Marketing*, 345 F.3d at 852. The answer here is yes.

a. If defendants prevail on appeal in the absence of a stay, it is not entirely clear "how, procedurally, [this case] would make [its] way from state court back to federal court and whether [its] doing so would offend either the Anti-[I]njunction Act, 28 U.S.C. § 2283, or the notions of comity underpinning it." *Barlow* v. *Colgate Palmolive Co.*, 772 F.3d 1001, 1014 n.2 (4th Cir. 2014) (Wynn, J., concurring in part and dissenting in part). This Court has held that,

once a remand order becomes final and is dispatched to the state court, a federal court cannot enjoin the state proceedings. *See Chandler* v. *O'Bryan*, 445 F.2d 1045, 1057-1058 (10th Cir. 1971); *see also, e.g.*, *FDIC* v. *Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979). This case of course involves different circumstances: namely, that defendants have a statutory right to appeal the remand order. But if this Court rejected that ground for distinction, the absence of a stay could potentially "destroy appellants' rights to secure meaningful review." *Providence Journal Co.* v. *FBI*, 595 F.2d 889, 890 (1st Cir. 1979). That strongly counsels in favor of a stay. *See id.*

The district court rejected this concern, citing two cases in support. *See* D. Ct. Dkt. No. 80, at 14-15. Neither case provides defendants with much solace. In the first case—*Bryan* v. *BellSouth Communications, Inc.*, 492 F.3d 231 (4th Cir. 2007)—the court did *not* hold that a district court could, consistent with the Anti-Injunction Act, enjoin state-court proceedings simply because the remand order had been vacated on appeal. Instead, the court of appeals called the issue "difficult" and expressly chose not to resolve it. *See id.* at 241-242. In the second case—*In re Meyerland Co.*, 910 F.2d 1257 (5th Cir. 1990)—the panel opinion that the district court cited was superseded after rehearing en banc, and the en banc opinion did not address whether an injunction of state-court proceedings was permissible. *See* 960 F.2d 512 (5th Cir.

1992). Absent binding authority from this Court or the Supreme Court guaranteeing that defendants will not lose their right to appeal if the remand order is dispatched, the order should be stayed.[2]

b. In addition, once the state court receives the remand order, this case will likely proceed there while defendants' appeal is pending. Defendants would then simultaneously have to brief and argue federal jurisdictional issues in the Tenth Circuit while litigating plaintiffs' claims in Colorado state court. That would be unnecessarily burdensome for defendants and the courts involved alike. *See Lafalier* v. *Cinnabar Service Co.*, Civ. No. 10-5, 2010 WL 1816377, at *2 (N.D. Okla. Apr. 30, 2010). Especially so if discovery occurs in state court and defendants prevail on appeal: "[t]he cost of proceeding with discovery [in state court]—and potentially relitigating discovery issues in federal court—is likely to be high." *Citibank, N.A.* v. *Jackson*, Civ. No. 16-712, 2017 WL 4511348, at *2 (W.D.N.C. Oct. 10, 2017). Although litigation costs generally do not constitute irreparable injury, *see Renegotiation Board* v. *Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), courts have held that such costs constitute irreparable harm where, as here, they would be duplicative

---

[2] Below, appellees attempted to concede that the district court could enjoin state proceedings if appellants prevailed on appeal. *See* D. Ct. Dkt. No. 77, at 14. But that concession would not bind any court if the Anti-Injunction Act is jurisdictional—an issue this Court has not resolved. *See Hobby Lobby Stores, Inc.* v. *Sebelius*, 723 F.3d 1114, 1121 (10th Cir. 2013) (en banc), *aff'd*, 134 S. Ct. 2751 (2014).

and unrecoverable. *See, e.g.*, *Citibank*, 2017 WL 4511348, at *2-3; *Ewing Industries Co.* v. *Bob Wines Nursery, Inc.*, Civ. No. 13-931, 2015 WL 12979096, at *3 (M.D. Fla. Feb. 5, 2015); *Wilcox* v. *Lloyds TSB Bank, PLC*, Civ. No. 13-508, 2016 WL 917893, at *5-*6 (D. Haw. Mar. 7, 2016).

In addition, interim state court rulings on substantive issues would create "significant issues of comity" that the parties and the court would have to address if the case returned to federal court. *Bryan*, 492 F.3d at 241; *see, e.g.*, *Anderson* v. *Wilco Life Insurance Co.*, Civ. No. 19-8, 2019 WL 3225837, at *2 (S.D. Ga. July 17, 2019); *Northrop Grumman Technical Services, Inc.* v. *DynCorp International LLC*, Civ. No. 16-534, 2016 WL 3346349, at *3-*4 (E.D. Va. June 16, 2016).

The need to avoid unnecessary state-court proceedings is particularly salient in cases removed under the federal-officer removal statute. The federal courts' "unusual ability to review a remand order" in that class of cases "reflects the importance Congress placed on providing federal jurisdiction for claims asserted against federal officers and parties acting pursuant to the orders of a federal officer." *See Decatur*, 854 F.3d at 295-296. A stay is thus necessary "to prevent rendering the statutory right to appeal 'hollow.'" *Northrop Grumman*, 2016 WL 3346349, at *3; *Laborers & Hod Carriers Pension Fund* v. *Renal Care Group, Inc.*, Civ. No. 05-451, 2005 WL 2237598, at *1 (M.D. Tenn. Sept. 12, 2005) (similar); *Vision Bank* v. *Bama Bayou, LLC*, Civ. No. 11-568, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (similar).

## C.    The Balance Of Harms Favors Defendants

Where, as here, governmental entities are the parties opposing the entry of a stay pending appeal, the third and fourth stay factors—harm to the opposing party and the public interest—"merge" and are considered together. *See Nken*, 556 U.S. at 435. Considering those factors together, a stay will not significantly harm plaintiffs. To begin with, "a stay w[ill] not permanently deprive [plaintiffs] of access to state court." *Northrop Grumman*, 2016 WL 3346349, at *4. "The only potential injury faced by [plaintiffs] is delay in vindication of its claim," which does not counsel against the entry of a stay. *Weingarten Realty Investors* v. *Miller*, 661 F.3d 904, 913 (5th Cir. 2011). Plaintiffs' own complaint in fact demonstrates the lack of harm from any delay pending appeal. A substantial portion of the damages that plaintiffs seek stems from purported costs that it has not yet incurred and may not incur for decades. *See, e.g.*, D. Ct. Dkt. No. 7, ¶¶ 3, 147, 149. Nor will any delay impair plaintiffs' request for equitable relief to "abate[] harms" that they claim are "to some degree [] irreversible." *Id.* ¶¶ 135, 532, 534. Plaintiffs "would actually be served by granting a stay," because they would not "incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued." *Raskas* v. *Johnson & Johnson*, Civ. No. 12-2174, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013).

The public will benefit from a stay as well. First, given the repercussions that this lawsuit could have on federal economic, environmental, and energy policy, there is a public interest in settling the questions of what law governs

and where this case should be litigated before the state court begins to consider whether to hold the energy industry responsible for alleged harm caused by climate change. A stay pending appeal would also "conserv[e] judicial resources and promot[e] judicial economy" by "avoid[ing] potentially duplicative litigation in the state courts and federal courts." *Raskas*, 2013 WL 1818133, at *2; *see United States* v. *2366 San Pablo Avenue*, Civ. No. 13-2027, 2015 WL 525711, at *5 (N.D. Cal. Feb. 6, 2015).

\*    \*    \*    \*    \*

A stay of the district court's remand order pending appeal is amply warranted. Defendants have a statutory right to appeal the order, and this Court has jurisdiction to consider all of the grounds for removal addressed in that order. Those grounds include the argument that appellees' claims necessarily arise under federal common law—an issue that the district court recognized has divided federal courts across the country. Absent a stay pending appeal, defendants' appellate rights could be hampered or effectively eliminated, and appellees will suffer little harm from any delay. All of the traditional stay factors are therefore satisfied, and a stay pending appeal should issue.

# CONCLUSION

The motion for a stay of the remand order pending appeal should be granted.

Respectfully submitted,

/s/ Evan B. Stephenson
HUGH QUAN GOTTSCHALK
EVAN B. STEPHENSON
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
(303) 244-1800
stephenson@wtotrial.com

Attorneys for Suncor Energy
(U.S.A.) Inc., Suncor Energy Sales
Inc., and Suncor Energy, Inc.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM
WILLIAM T. MARKS
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300
kshanmugam@paulweiss.com

THEODORE V. WELLS, JR.
DANIEL J. TOAL
JAREN JANGHORBANI
NORA AHMED
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

COLIN G. HARRIS
FAEGRE BAKER DANIELS LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302

Attorneys for Exxon Mobil
Corporation

OCTOBER 8, 2019

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Kannon K. Shanmugam, counsel for appellant Exxon Mobil Corporation and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), that the attached Motion of Appellants for an Emergency Stay of the Remand Order Pending Appeal is proportionally spaced, has a typeface of 14 points or more, and contains 4,467 words.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM

OCTOBER 8, 2019

**CERTIFICATE OF DIGITAL SUBMISSION AND ANTIVIRUS SCAN**

I hereby certify, pursuant to the Tenth Circuit CM/ECF User's Manual, that the attached Motion of Appellants for an Emergency Stay of the Remand Order Pending Appeal, as submitted in digital form via the Court's ECF system, has been scanned for viruses using Malwarebytes Anti-Malware (version 2019.10.07.12, updated Oct. 7, 2019) and, according to that program, the document is free of viruses. I also certify that any hard copies submitted are exact copies of the document submitted electronically.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM

OCTOBER 8, 2019

## CERTIFICATE OF SERVICE

I, Kannon K. Shanmugam, counsel for appellant Exxon Mobil Corporation and a member of the Bar of this Court, certify that, on October 8, 2019, the attached Motion of Appellants for an Emergency Stay of the Remand Order Pending Appeal was filed with the Clerk of the Court through the electronic-filing system. I further certify that all parties required to be served have been served.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM